UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ACCENT CONSULTING GROUP, INCORPORATED, BRENDA MARIE STEPHENS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 1:22-cv-01767-JMS-TAB |
| GREAT AMERICAN ASSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**ORDER ON PLAINTIFFS' MOTION TO JOIN A PARTY**

**I.   Introduction.**

Plaintiff Accent Consulting Group purchased an errors and omissions policy from Defendant Great American Assurance Company. Accent's president, Plaintiff Brenda Marie Stephens, is a named insured under the E&O policy.  In October 2020, Stephens was hired to conduct a real estate appraisal of certain residential property.  The sellers of that property subsequently filed an administrative complaint with the state of Indiana alleging Stephens' appraisal inaccurately undervalued the sellers' property, thereby causing the proposed sale of the home to be lost.  In November 2021, the Indiana Attorney General filed a disciplinary complaint against Stephens.  Stephens then sought insurance coverage for this complaint, but Great American denied coverage.  On August 4, 2022, Plaintiffs filed the instant lawsuit in state court alleging that Great American breached the E&O policy and acted in bad faith in denying Plaintiffs' insurance coverage.

Great American timely removed this case to federal court, and on October 4, 2022, filed a counterclaim against Plaintiffs seeking a declaration that there is no insurance coverage under the policy. On October 15, 2022, Plaintiffs filed a motion pursuant to Fed. R. Civ. P. 13 and 19 [Filing No. 22] seeking to join the Herbert H. Landy Insurance Agency as a Defendant. Great American opposes the proposed joinder on the bases that joinder is not appropriate under these rules and because Plaintiffs' proposed claims against Landry would be futile.

**II.     Discussion.**

The proposed amended complaint attached to Plaintiffs' motion to join asserts claims against Landy for breach of contract, bad faith, and negligent misrepresentation.[1] Plaintiffs' motion to join acknowledges Great American's opposition to the motion, but lacks any analysis under Rules 13 or 19 and cites no case law or other authority in support. Instead, the motion simply asserts in conclusory fashion that Landy played an "independent role" in the claim and harmed Plaintiffs, and that Landy is required to be a party. [Filing No. 22, at ECF p. 2.]

Great American's thorough response in opposition to this motion notes at the outset that Plaintiffs' motion is premised on the mistaken assumption that Landy was a party to the insurance contract between Plaintiffs and Great American. [Filing No. 23, at ECF p. 2.] In fact, Landy was not a party, but instead was the program administrator. Plaintiffs' response brief does not dispute this assertion; in fact, this is precisely what Plaintiffs allege in their proposed amended complaint. [Filing No. 22-1, at ECF p. 3; Filing No. 24.] Also undisputed is Great American's assertion that HMS Insurance Associates was the insureds' agent and insurance broker. Despite the lack of any contract between Plaintiffs and Landy, Plaintiffs allege they

---

[1] Adding Landry would not destroy this Court's diversity jurisdiction. Plaintiffs are citizens of Indiana, Great American is a citizen of Ohio, and Landy is a citizen of Massachusetts.

2

"believed" that such a contract existed. [Filing No. 22-1, at ECF p. 3.] The Court is not required to accept such speculation in determining whether to allow joinder pursuant to Plaintiffs' proposed amended complaint.

The policy language at issue here directly contradicts Plaintiffs' imaginative pleading. The very first page of the policy expressly provides that the "[i]nsurance is afforded by the company indicated below: (A capital stock corporation): Great American Assurance Company." [Filing No. 11-1, at ECF p. 2.] In addition, the declarations page and each endorsement that follows provides, in the header, that Great American issued the policy. Moreover, the "Indiana Policyholder Notice" section of the policy specifically provides that a complaint may be made by contacting Great American. [See *Id.* at p. 20.] Similarly, the first page of the policy binder dedicates an entire page to showing that it was issued by Great American, and the policy's definition of "Company" advises that it means Great American. The policy provides that all notices regarding "Claims" should be emailed, faxed, or mailed to Great American. [*Id.* at pp. 35-36.] Finally, the policy is signed by the President and Secretary of Great American.

The only mention of Landy in the policy is on the declarations page, where Landy is listed as the "Program Administrator." [*Id.* at p. 2.] The informational material provided with the policy does reference Landy, but also specifically notes that the services are being offered by "Great American's Professional Liability Division." [*Id.* at p. 40-41.] Based on the foregoing, any "beliefs" by Plaintiffs that Landy was the insurer is neither reasonable nor supported by the language of the policy, and cannot support Plaintiffs' proposed joinder. Plaintiffs and Great American are in privity as it relates to the policy, not Landy. Thus, Landy cannot be personally liable to Plaintiffs under the policy. As a result, the proposed breach of contract claim against

Landy fails as a matter of law as futile.  The lack of privity between Plaintiffs and Landy similarly dooms Plaintiffs' bad faith claim.

Plaintiffs' claim of negligent misrepresentation fares no better.  Historically, Indiana courts recognized the tort of negligent representation narrowly, in the limited context of an employer-employee relationship.  See *Perfect Barrier, LLC v. WoodSmart Solution, Inc.*, 2008 U.S. Dist. LEXIS 76786, at *16 (N.D. Ind. Sept. 26, 2008) (*citing Ely v. York Division, Borg-Warner*, 455 N.E.2d 623, 629-30 (Ind. Ct. App. 1983)) (stating that Indiana courts have declined to recognize the tort of negligent misrepresentation beyond the context of an employer-employee relationship.)  However, the tort recently has been expanded to include those whose profession includes the giving of opinions.  See *Troth v. Warfield*, 495 F. Supp. 3d 729, 743 (N.D. Ind. Oct. 20, 2020) (*citing U.S. Bank, N.A. v. Integrity Land Title Corp.*, 929 N.E.2d 742, 747 (Ind. 2010)); *Jeffrey v. Methodist Hosps.*, 956 N.E.2d 151, 156 n. 7 (Ind. Ct. App. 2011).  "The class of professionals who could be subject to a negligent misrepresentation claim includes, but is not limited to, brokers, attorneys, abstractors, and surveyors."  *Id.* (internal citation and quotation marks omitted).  Yet Plaintiffs fail to cite any case law indicating that Indiana courts have ever recognized the tort of negligent representation in the context of the current dispute.

In addition, Plaintiffs also fail to set forth a "special circumstance" that would impose a duty on Landy in connection with the policy.  Here, as Plaintiffs admit, Landy is "not a party to" the contract between Plaintiffs and Great American.  Plaintiffs' proposed amended complaint fails to establish that Landy had any special relationship with Plaintiffs.  The complaint does not claim any long-term or intimate relationship between the parties.  Nor does it allege that Landy exercised broad discretion, that Landy held itself out as a highly skilled insurance expert, or that Landy received higher-than-normal compensation for its services.  Accordingly, Plaintiffs'

proposed negligent misrepresentation claim against Landy fails as a matter of law and would be futile.

Even if the Court were to overlook the futility of Plaintiff's proposed claims against Landy, the Court cannot overlook Plaintiffs' failure to explain why joinder is appropriate under either Rule 19 or 13. As set forth in Great American's brief opposing joinder, Fed. R. Civ. P. 19(a)(1)(A) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if … in that person's absence, the court cannot accord complete relief among existing parties.

Plaintiffs' motion appears to be based on Plaintiffs' belief that they have a cause of action against Landy stemming from Great American's denial of coverage. However, as set forth above, Plaintiffs' claims against Landy are futile. Even so, joinder is not compelled under Rule 19 simply because Plaintiffs could possibly recover from the proposed Defendants. Instead, Rule 19 focuses on whether complete relief can be afforded between the current parties. Plaintiffs can get complete relief from Great American without Landy, so Landy is neither necessary nor indispensable under Rule 19. *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 471 (7th Cir. 1999) (citing *Gleason v. Seaboard Air Line Ry.*, 278 U.S. 349, 73 L.Ed. 415, 49 S. Ct. 161 (1929)) ("[h]ad the plaintiffs' lawyers known about *Gleason* or appreciated the scope of the doctrine of respondeat superior, they would not have argued, in their futile effort to join the insurance agents as additional defendants, that the agents were necessary and indispensable parties … [t]hey would have realized that they could get complete relief from the agents' principal, Northwestern.").

Nor does Rule 13 provide Plaintiffs a safe haven. Fed. R. Civ. P. 13(g), provides:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of

>the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

Plaintiffs assert breach of contract and bad faith claims against Great American arising out of its denial of coverage for the underlying disciplinary proceeding. Great American seeks a declaratory judgment of no coverage under the policy. Plaintiffs' proposed claims against Landy are not factually intertwined with these coverage determinations. Instead, Plaintiffs' proposed amended claims are predicated on Plaintiffs' erroneous assumption that Landy was a party to the insurance contract.

The Court acknowledges Plaintiffs' allegation that Landy "listed Stephens as a specifically named beneficiary in the [Policy]." [Filing No. 22-1, at p. 4, ¶ 29.] However, this allegation is insufficient to support joinder and a crossclaim under Rule 13(g). The coverage determination in this action does not depend on whether Stephens was an insured or beneficiary under the policy, but rather focuses on: (1) whether the underlying disciplinary proceeding was a "claim", as that term is defined by the policy; and (2) the date on which the underlying disciplinary proceeding began and triggered the notice provisions of the policy.

To the extent that Plaintiffs have arguments to contradict Great American's position that joinder is not appropriate under Rules 13 or 19, these arguments are nowhere to be found in Plaintiffs' submissions. Plaintiffs' two-page motion to join [Filing No. 22] (which is not accompanied by a brief) references these rules in a single sentence, but cites no case law and makes no analysis on the issue of joinder. In response to Great American's brief in opposition, which quotes Rules 13 and 19, cites to cases, and sets forth a cogent legal analysis, Plaintiffs' reply brief [Filing No. 24] fails to mention these rules at all. Plaintiffs' three-page response merely cites to a few cases regarding the manner in which insurance contracts should be

construed. [Filing No. 24, at ECF p. 3.] Plaintiffs' reply brief misses the mark by a wide margin and, in short, fails to provide this Court with any basis to conclude that joinder is appropriate.

## III.   Conclusion.

Plaintiffs' motion seeking to join the Herbert H. Landy Insurance Agency as a Defendant [Filing No. 22] is denied. Plaintiffs' proposed claims against Landy would be futile, and Plaintiff has otherwise failed to demonstrate that joinder is appropriate.

Date: 1/6/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email.