**UNITED STATES DISTRCIT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ACCENT CONSULTING GROUP, INCORPORATED, and BRENDA MARIE STEPHENS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:22-cv-01767-JMS-CSW |
| GREAT AMERICAN ASSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| GREAT AMERICAN ASSURANCE COMPANY, | ) ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| ACCENT CONSULTING GROUP, INCORPORATED, and BRENDA MARIE STEPHENS, | ) ) ) ) | |
| Counter-Defendants. | ) | |

**GREAT AMERICAN ASSURANCE COMPANY'S**
**COUNTER-COMPLAINT FOR DECLARATORY JUDGMENT**

Counter-Plaintiff, Great American Assurance Company ("Great American"), by and through its attorneys, and for its Counter-Complaint for Declaratory Judgment against the Counter-Defendants, Accent Consulting Group Incorporated ("Accent") and Brenda Marie Stephens ("Stephens"), hereby states as follows:

1

## THE PARTIES

1.      Plaintiff/Counter-Defendant Accent is a for-profit company registered to do business in the State of Indiana, with its principal place of business located in Marion County, Indiana, and is a citizen of the State of Indiana.

2.      Plaintiff/Counter-Defendant Stephens is a resident and citizen of the State of Indiana, residing in Marion County, Indiana.

3.      At all relevant times, Stephens was the principal, president and registered agent of Accent.

4.      Defendant/Counter-Plaintiff Great American is a corporation organized and existing under the laws of Ohio with its principal place of business located in Cincinnati, Ohio. Great American legally transacts insurance business in the State of Indiana and within the geographical jurisdiction of the United States District Court for the Southern District of Indiana.

## JURISDICTION AND VENUE

5.      This is a counter-complaint for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, and Fed. R. Civ. P. 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

6.      This counter-complaint is currently ripe for adjudication.

7.      No Counter-Defendant resides in or is a citizen of the State of Ohio.

8.      This Court has jurisdiction over this counter-complaint pursuant to 28 U.S.C. §1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of costs and interests based on potential coverage obligations for the defense of, as well as the sum sought by Accent and Stephens in connection with the Complaint in the instant action, which Plaintiffs/Counter-Defendants claim Great American owes under the Policy.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

288869622v.1

## BACKGROUND

### I.     THE UNDERLYING FACTUAL BACKGROUND

10.     On or about November 1, 2021, the State of Indiana brought a complaint against the real estate appraiser license of Stephens before the Real Estate Appraiser Licensure and Certification Board, styled: *IN THE MATTER OF THE LICENSE OF BRENDA MARIE STEPHENS LICENSE NO(S).: CR60300559 (Active)*, Cause No.: 2021 REAB 0002 (the "*REAB Complaint*").

11.     A copy of the *REAB Complaint* is attached as **Exhibit A**.

12.     The *REAB Complaint* alleges that, on or about November 4, 2020, Jason and Bridget Kersey ("Complainants") filed a consumer complaint with the Office of the Indiana Attorney General ("OAG") regarding the Appraisal (the "*Consumer Complaint*"). (*See* Ex. A at ¶5).

13.     The *REAB Complaint* is based on the allegations of the *Consumer Complaint* and asserts the following:

   a.   Stephens provided an appraisal of real estate property owned by the Complainants and under contract for sale.

   b.   The buyer's lender contracted with Stephens to perform an appraisal.

   c.   The Appraisal was inaccurate in accessing the value of the Subject Property due to Stephens performing a "desktop appraisal" and not coming to the home.

   d.   Stephens described the home as being "log sided and brick front and trim," however the home is "full log construction with flat-stone laid up chimney."

   e.   Stephens noted the home as suburban when it is rural and farm ground.

   f.   Stephens used neighboring county properties as comparable sales despite there being local properties available to Stephens.

3

g.  Stephens serves counties situated in central Indiana, but the Subject Property was located in southern Indiana near the Ohio border.

h.  The home was appraised 20% below the contracted sales price and the sale was lost and the pending contingent purchase.

(*See* Ex. A at ¶5(a)-(h)).

14.  The *REAB Complaint* brings two Charges against Stephens in connection with the Appraisal: (1) Count I – for knowingly violating the Uniform Standards of Professional Appraisal Practice ("USPAP") Competency Rule; and (2) Count II – for continuing to practice after Stephens had become unfit to practice due to professional incompetence, as evidenced by Stephens' USPAP Competency Rule violation. (*See* Ex. A at ¶¶ 18-20).

15.  Based on the above, the *REAB Complaint* seeks the following relief against Stephens: (1) disciplinary sanctions, as authorized by Ind. Code § 25-1-11-12; (2) a directive that she pay a fee in the amount of Five Dollars ($5.00) to the Health Records and Personal Identifying Information Protection Trust Fund, pursuant to Ind. Code § 4-6-14-10(b); (3) a directive that she immediately pay all of the costs incurred in the prosecution of this case, as authorized by Ind. Code 25-1-11-18; and (4) any other relief that is just and proper. (*See* Ex. A at p. 6).

16.  In November 2021, Stephens provided notice to Great American of the *REAB Complaint* and the *Consumer Complaint* (collectively, the "<u>*Underlying Licensing Proceeding*</u>").

17.  Stephens sought coverage under the Policy for the <u>*Underlying Licensing Proceeding*</u>.

**II.    THE POLICY & RENEWAL APPLICATION**

18.  Great American issued a claims made and reported Real Estate Professional Errors & Omissions Insurance Policy, number RAB3082190-21 to Named Insureds, 1st Class Realty Inc.

4

and Accent Consulting Group Incorporated, for the policy period of April 10, 2021 to April 10, 2022 (the "Policy").

19.    A copy of the Policy is attached as **Exhibit B**.

20.    Subject to all of its terms, the Policy states, in relevant part:

*Section X. General Conditions*

*\* \* \**

*I.    Entire Contract*

*By acceptance of this Policy, an **Insured** attests that:*

*(1)    all of the information and statements provided to the **Company** by the **Insured**, including, but not limited to, the application and any supplemental information, are true, accurate and complete and will be deemed to constitute material representations made by the **Insured**;*

*(2)    this Policy is issued in reliance upon the **Insured's** representations;*

*(3)    this Policy, endorsements thereto, together with the completed and signed application and any and all supplementary information and statements provided by the Insured to the Company (all of which are deemed to be incorporated herein), embody all of the agreements existing between the Insured and the Company and shall constitute the entire contract between the Insured and the Company; and*

*(4)    any material misrepresentation or concealment by the Named Insured or the Insured's agent will render the Policy null and void and relieve the Company from all liability herein.*

(*See* Ex. B at p. 37) (Section I. Entire Contract).

21.    On March 16, 2021, the Named Insureds, through Stephens, signed and submitted their Policy renewal application to Great American for the effective period of April 10, 2021 to April 10, 2022 (the "Renewal Application").

22.    A copy of the Renewal Application is attached as **Exhibit C**.

23.    The Renewal Application contains a list of questions posed to the insureds/applicants.

24.     The Renewal Application provided that the insureds must answer truthfully in order for Great American to fairly evaluate renewal.

25.     One of the questions on the Renewal Application states the following:

* * *

4.     *After inquiry is the Applicant, or anyone to whom this insurance will apply, aware of any of the following in the past 12 months:*

\*\*\*

c.     *Complaint, disciplinary action, investigation or license suspension/revocation by any regulatory authority?*

(*See* Ex. C at p. 2).

26.     In the response column to the above query, Stephens, on behalf of the insureds, marked "No." (*See* Ex. C at p. 2).

27.     The Renewal Application was incorporated into the Policy *via* the following language:

> **The undersigned is authorized by, and acting on behalf of, the Applicant and represents that all statements and particulars herein are true, complete and accurate and that there has been no suppression or misstatements of fact and agrees that this application shall be the basis of, and becomes part of, the Applicant's Real Estate professional liability coverage.**

(*See* Ex. C at p. 4).

28.     The Renewal Application further states:

> **<u>IMPORTANT NOTE:</u>** *The applicant's disclosure of claim information does not indicate nor imply, in any way, that any act or omission is covered by this policy. In addition, circumstances or incidents that might reasonably be expected to be the basis of a claim MUST be reported to the applicant's current insurer before the claim reporting period expires.*

(*See* Ex. C at p. 2).

### III.    STEPHENS' RESPONSES TO GREAT AMERICAN'S REQUESTS FOR ADMISSION

29.    On June 15, 2023, Plaintiff/Counter-Defendant Stephens provided amended responses to Great American's First Set of Requests for Admission.

30.    A true and accurate copy of Stephens' Amended Responses is attached as **Exhibit D**.

31.    Request for Admission No. 12, and Stephens' amended response, states the following:

> Admit that as of November 23, 2020, STEPHENS had knowledge of, and was aware of, the allegations of the CONSUMER COMPLAINT.
>
> RESPONSE: Admit.

(*See* Ex. D at Request to Admit No. 12, p. 4).

32.    Further, Request for Admission No. 11, and Stephens' amended response, states the following:

> Admit that on November 23, 2020, STEPHENS responded to the INDIANA OAG via email and provided the requested documents regarding the APPRAISAL and provided a written response to the allegations of the CONSUMER COMPLAINT.
>
> RESPONSE: Admit.

(*See* Ex. D at Request to Admit No. 11, p. 3).

33.    Stephens' amended responses to Great American's First Set of Requests for Admission contradict the insureds' answer to question 4(c) in the Renewal Application.

34.    By answering "No" to question 4(c), Stephens, on behalf of the insureds, affirmatively represented that they were not aware of any complaint, disciplinary action, or investigation during the effective period of March 16, 2020 to March 16, 2021.

7

## COUNT ONE
## No Coverage – Misrepresentations in Renewal Application

35.     Great American repeats and re-alleges each and every allegation set forth in paragraphs 1 through 34.

36.     On November 19, 2020, Plaintiff/Counter-Defendant Stephens received a letter from the Indiana Attorney General which requested, in part, that Stephens provide documents regarding the Appraisal, as well as a written response to the allegations in the *Consumer Complaint* filed by Jason and Bridget Kersey. (*See* Ex. D at Request to Admit No. 10, p. 3).

37.     On November 23, 2020, Stephens responded to the Indiana Attorney General's letter via email, and provided the requested documents regarding the Appraisal and also provided a written response to the allegations of the *Consumer Complaint*. (*See* Ex. D at Request to Admit No. 11, p. 3).

38.     The Renewal Application, in relevant part, states:

**IMPORTANT NOTE**: The applicant's disclosure of claim information does not indicate nor imply, in any way, that any act or omission is covered by this policy. In addition, circumstances or incidents that *might reasonably be expected to be the basis of a claim* MUST be reported to the applicant's current insurer before the claim reporting period expires.

(*See* Ex. C at p. 2) (**bold** and underline in original) (*italics* added).

39.     Question 4(c) on the Renewal Application asks the following:

After inquiry is the Applicant, or anyone to whom this insurance will apply, aware of any of the following in the past 12 months …(c) [c]omplaint, disciplinary action, investigation or license suspension/revocation by any regulatory authority?"

**If Yes to any part of question 4, please complete the Claim / Disciplinary Action Supplement**.

(*See* Ex. C at p. 2) (**bold** in original).

40.     On March 16, 2021, Plaintiff/Counter-Defendant Stephens completed the Renewal Application on behalf of the Applicant/insureds. (*See* Ex. C at p. 4).

41.     Plaintiff/Counter-Defendant Stephens answered "No" in response to question 4(c) on the Renewal Application. (*See* Ex. C at p. 2).

42.     At the time Plaintiff/Counter-Defendant Stephens completed and signed the Renewal Application, on behalf of the insureds, she had been aware of the allegations of the *Consumer Complaint* filed against her by Jason and Bridget Kersey, and the Indiana Attorney General's subsequent investigation, as early as November of 2020. (*See* Ex. D at Requests to Admit Nos. 11 & 12, pp. 3-4).

43.     By answering "No" in its response to question 4(c), Stephens – and by extension, the insureds – affirmatively misrepresented the fact that they had knowledge of "circumstances or an incident that might reasonably be expected to be the basis of a claim"; namely, the allegations of the *Consumer Complaint* and the Indiana Attorney General's ongoing investigation and disciplinary action.

44.     The insureds' answer to question 4(c) in the Renewal Application constitutes a material misrepresentation.

45.     By signing the Renewal Application, Stephens represented the following:

**The undersigned is authorized by, and acting on behalf of, the Applicant and represents that all statements and particulars herein are true, complete and accurate and that there has been no suppression or misstatements of fact and agrees that this application shall be the basis of, and becomes part of, the Applicant's Real Estate professional liability coverage**.

(*See* Ex. C at p. 4) (**bold** in original).

46.     Great American relied on the answers provided in the Renewal Application in issuing the Policy.

47.      But for the misrepresentation, Great American would have rejected renewal or would have provided insurance coverage under the Policy on different terms.

48.     Coverage for the *Underlying Licensing Proceeding* is precluded under the Policy based on the misrepresentations in the Renewal Application.

WHEREFORE, Defendant/Counter-Plaintiff Great American Assurance Company respectfully requests that this Court:

(A)     enter judgment and a declaration that the Policy does not provide defense or indemnity coverage to Accent for the *Underlying Licensing Proceeding*;

(B)     enter judgment and a declaration that the Policy does not provide defense or indemnity coverage to Stephens for the *Underlying Licensing Proceeding*;

(C)     award Great American its costs incurred herein; and

(D)     award Great American all other relief to which it may be entitled.

## COUNT TWO
### Rescission—Condition I.(1)—(4)

49.     Great American repeats and re-alleges each and every allegation set forth in paragraphs 1 through 34.

50.     The Policy expressly provides, in relevant part:

**I. Entire Contract**

By acceptance of this Policy, an **Insured** attests that:

*        *        *

(4) any material misrepresentation or concealment by the **Named Insured** or the **Insured**'s agent will render the Policy null and void and relieve the **Company** from all liability herein.

(*See* Ex. B at p. 37) (Section I. Entire Contract).

51.     The Policy expressly incorporates the Renewal Application, including all statements, answers and/or any supplemental information provided, into the insurance contract. (*See* Ex. B at p. 37) (Section I. Entire Contract).

10

52.     On November 19, 2020, Plaintiff/Counter-Defendant Stephens received a letter from the Indiana Attorney General which requested, in part, that Stephens provide documents regarding the Appraisal, as well as a written response to the allegations in the *Consumer Complaint* filed by Jason and Bridget Kersey. (*See* Ex. D at Request to Admit No. 10, p. 3).

53.     On November 23, 2020, Stephens responded to the Indiana Attorney General's letter via email, and provided the requested documents regarding the Appraisal and also provided a written response to the allegations of the *Consumer Complaint*. (*See* Ex. D at Request to Admit No. 11, p. 3).

54.     The Renewal Application, in relevant part, states: "circumstances or incidents that ***might reasonably be expected to be the basis of a claim*** MUST be reported to the applicant's current insurer before the claim reporting period expires." (*See* Ex. C at p. 2) (emphasis added).

55.     Question 4(c) on the Renewal Application states: "After inquiry is the Applicant, or anyone to whom this insurance will apply, aware of any of the following in the past 12 months: … (4) [c]omplaint, disciplinary action, investigation or license suspension/revocation by any regulatory authority?" (*See* Ex. C at p. 2).

56.     Plaintiff/Counter-Defendant Stephens, on behalf of the Applicant and insureds, answered "No" in response to question 4(c) on the Renewal Application. (*See* Ex. C at p. 2).

57.     At the time Plaintiff/Counter-Defendant Stephens completed and signed the Renewal Application, on behalf of the insureds, she had been aware of the allegations of the *Consumer Complaint* filed against her by Jason and Bridget Kersey, and the Indiana Attorney General's subsequent investigation, as early as November of 2020. (*See* Ex. D at Requests to Admit Nos. 11 & 12, pp. 3-4).

58.     By answering "No" in its response to question 4(c), Stephens – and by extension, the insureds – affirmatively misrepresented the fact that they had knowledge of "circumstances or

11

an incident that might reasonably be expected to be the basis of a claim"; namely, the allegations of the *Consumer Complaint* and the Indiana Attorney General's ongoing investigation and disciplinary action.

59.     The answer to question 4(c) in the Renewal Application constitutes a material misrepresentation.

60.     By signing the Renewal Application, Stephens represented the following:

**The undersigned is authorized by, and acting on behalf of, the Applicant and represents that all statements and particulars herein are true, complete and accurate and that there has been no suppression or misstatements of fact and agrees that this application shall be the basis of, and becomes part of, the Applicant's Real Estate professional liability coverage**.

(*See* Ex. C at p. 4) (**bold** in original)

61.     Great American relied on the answers contained in the Renewal Application.

62.     Great American was deceived by the misrepresentations contained in the Renewal Application.

63.     But for the misrepresentation, Great American would have rejected renewal or would have provided insurance coverage under the Policy on different terms.

64.     Pursuant to Section I.(4) of the Policy, any material misrepresentation or concealment by an insured renders the Policy null and void, and relieves Great American from all liability therein.

65.     Once a contract is rescinded, the contracting parties are effectively restored to the position they would have been but for the execution of the contract.

66.     Therefore, Great American is entitled to a declaratory judgment as to the lack of coverage under the Policy for the *Underlying Licensing Proceeding*.

WHEREFORE, Counter-Plaintiff Great American Assurance Company respectfully requests that this Court:

(A)    enter judgment and a declaration granting rescission of the Policy;

(B)    enter judgment and a declaration that the Policy does not provide coverage to Accent or Stephens for the *Underlying Licensing Proceeding*;

(C)    enter judgment and a declaration that no coverage is afforded for the *Underlying Licensing Proceeding* under the Policy;

(D)    award Great American its costs incurred herein; and

(E)    award Great American all other relief to which it may be entitled.

Dated:  November 2, 2023                    Respectfully Submitted,

By:*/s/ Joseph Stafford*
                                 One of the Attorneys for Great
                                 American Assurance Company

Michael Kreppein, 22430-64
Joseph J. Stafford, 30899-64
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
233 E. 84th Drive – Park Tower, Suite 201
Merrillville, IN 46410
Telephone:  (219) 525-0560
Facsimile:  (219) 525-0561
Michael.Kreppein@wilsonelser.com
Joseph.Stafford@wilsonelser.com

13

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2023, a true and correct copy of the above and foregoing instrument was served electronically on all counsel of record.

Rafael Ramirez, 18847-49
Ramirez Law Office, P.C.
P.O. Box #219
Rio Hondo, TX 78583
Telephone:  (317) 951-8538
Facsimile:  (317) 951-8539
Preferred:  (317) 679-5975
rafael@ramirez-law.com

By: /s/ *Joseph Stafford*
*One of the Attorneys for*
*Great American Assurance*
*Company*

14