UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ACCENT CONSULTING GROUP, INCORPORATED and BRENDA MARIE STEPHENS, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREAT AMERICAN ASSURANCE COMPANY, <br><br> *Defendant*. <br><br> ─────────────────────── <br><br> GREAT AMERICAN ASSURANCE COMPANY, <br><br><br> *Counter Claimant*, <br><br> v. <br><br> ACCENT CONSULTING GROUP, INCORPORATED and BRENDA MARIE STEPHENS, <br><br><br><br> *Counter Defendants*. | No. 1:22-cv-01767-JMS-CSW |

# **ORDER**

Plaintiff Brenda Marie Stephens is a real estate appraiser employed by Plaintiff Accent Consulting Group ("Accent Consulting"). Ms. Stephens demanded that Defendant Great American Assurance Company ("Great American") provide legal representation for her under an insurance

1

policy it issued related to a professional disciplinary hearing and Great American refused. After Ms. Stephens successfully defended herself in the hearing, incurring legal costs, she and Accent Consulting initiated this litigation against Great American. After the litigation had proceeded for a considerable period of time and with leave of Court, Great American filed a counterclaim against Ms. Stephens and Accent Consulting, [Filing No. 73], alleging that Ms. Stephens' insurance application contained a misrepresentation — namely, that she was not subject to any complaint, investigation, or disciplinary hearing even though she was. Great American claims it relied on the misrepresentation.

Now before the Court are Cross-Motions for Summary Judgment. [Filing No. 53; Filing No. 64.] Plaintiffs have also filed a "Motion to Strike Great American Assurance Company's Counter-Complaint for Declaratory Judgment – Doc 73; Alternative Plaintiffs Motion to Dismiss" ("Motion to Strike" or "Motion to Dismiss") [Filing No. 78.] Each matter is ripe for the Court's review.

## I.
### BACKGROUND

### A.   The Insurance Policy and Application

Ms. Stephens is the President of Accent Consulting, which appraises real estate. [Filing No. 1-1 at 9.] For their appraisal practice, Plaintiffs purchased a Real Estate Professional Errors and Omissions Insurance Policy ("the Policy"). [Filing No. 1-1 at 10.] On or around November 4, 2020, former clients filed a consumer complaint against Ms. Stephens with the Office of the Indiana Attorney General. *In the Matter of the License of Brenda Marie Stephens License No(s).: CR60300559 (Active), Cause* No.: 2021 REAB 0002. By the next year, on November 1, 2021, the State of Indiana also brought a complaint against Ms. Stephens before the Indiana Real Estate Appraiser Licensure and Certification Board. *Id.* After those complaints were filed, on March 16,

2021, Plaintiffs, through an insurance broker called HMS Risk Management Solutions ("HMS"), applied to renew the Policy ("the Application"). [Filing No. 73 at 5.] The Application asked whether:

> After inquiry is Applicant, or anyone to whom this insurance will apply, aware of any of the following in the past 12 months, [including a] [c]omplaint, disciplinary action, investigation, or license suspension/revocation by any regulatory authority.

[Filing No. 73-3 at 3.] Plaintiffs' application checked the box for "no." [Filing No. 73-3 at 3.] The Application provides, in all capital letters, an opportunity and a duty to update the Application. [Filing No. 73-3 at 5.] Notably, the Application was signed by Ms. Stephens herself. [Filing No. 73-3 at 5.]

The Policy requires the insured to agree that the insured understands that "any material misrepresentation or concealment by the Named Insured or the Insured's agent will render the Policy null and void and relieve [Great American] from all liability herein." [Filing No. 73-2 at 38.] The Policy also requires the insured to attest that "all of the information and statements provided to [Great American] by the Insured, including, but not limited to, the application and any supplemental information, are true, accurate and complete and will be deemed to constitute material representations made by the Insured." [Filing No. 73-2 at 38.]

### B.   This Litigation and the Counterclaim

Ms. Stephens demanded legal representation for the disciplinary proceedings, which Great American denied, stating that it was not covered under the Policy. [Filing No. 1-1 at 12.] This litigation ensued, in which Plaintiffs allege claims for breach of contract and bad faith. [Filing No. 1-1 at 13-14.] The Court incorporates the relevant procedural history rulings by reference. [*E.g.*, Filing No. 31; Filing No. 71.] The Court has already denied Plaintiffs' attempts to join as a defendant their insurance broker Herbert H. Landy Insurance Agency/HMS Insurance Associates ("HMS"). [Filing No. 31 at 7.] And the Court has already granted Great American's Motion for

3

Leave to File a Counter-Complaint or in the Alternative to Amend Affirmative Defenses, [Filing No. 71 at 5], in which Great American avers that the Policy does not cover Ms. Stephens' costs and in the alternative, a misrepresentation in the Application merits rescission. [Filing No. 73 at 10.]

Plaintiffs did not object to either ruling though she now has filed a Motion to Strike the Counterclaim, [Filing No. 78], which is ripe for ruling. The parties have also filed Cross-Motions for Summary Judgment. [Filing No. 53; Filing No. 64.]

## II.
### DISCUSSION

In support of their Motions, Plaintiffs argue that Great American has impermissibly failed to join HMS because HMS is indispensable. [Filing No. 78 at 2-3.] Plaintiffs state that HMS acted as an agent for Plaintiffs and Great American, "owing each a duty not yet established." [Filing No. 78 at 2.] Arguing that "HMS is the agent of any material representation," Plaintiffs aver that HMS's alleged agency is "dispositive . . . but . . . not yet before the court." [Filing No. 78 at 2; 4.] Plaintiffs argue that the amended complaint before the Indiana Professional Licensing Agency is decisive of this case's determination, but because Great American's counterclaim does not reference that amended complaint, the litigation is not ready for adjudication; also, Plaintiffs argue that "to address the HMS issue, "[a]dditional discovery is required." [Filing No. 78 at 4.] They state that the countercomplaint is not ripe, does not state a claim, and fails to join HMS, an indispensable party. [*See generally* Filing No. 78.]

In response, Great American argues that "Rule 19 focuses on whether 'complete relief' can be afforded between the current parties," not potential parties. [Filing No. 86 at 6.] Great American further states that the Policy is null and void even if only the insurance agent made a misrepresentation. [Filing No. 86 at 7.] It notes that "the Counter-Complaint presents an actual

4

dispute between an insurer and its insured regarding their respective duties under an insurance policy. These include, inter alia, the duty of the Insureds to provide accurate information in the Application, and the impact of material misrepresentations on the duty of the insurer to provide coverage under the Policy." [Filing No. 86 at 11.] It asserts that "Plaintiffs' Rule 12(f) motion should be denied because the countercomplaint does not contain redundant, immaterial, impertinent or scandalous matter." [Filing No. 86 at 12.]

Plaintiffs reply that "[Ms.] Stephens did not notify Great American of the . . . Consumer Complaint," but "[Ms.] Stephens believed that absolutely no connection existed between the appraisal work performed and the consumer complaint [that was] filed." [Filing No. 88 at 2.] Additionally, Plaintiffs state that Ms. Stephens' notice was not late and that even if it was, Great American was not prejudiced. [Filing No. 88 at 3-4.]

### A. Motion to Dismiss

#### 1. Challenge to Ripeness

"[A]s an aspect of subject-matter jurisdiction" generally, ripeness will be addressed first. *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 n.1 (7th Cir. 2019). In determining ripeness, "a court may look past the complaint to any pertinent evidence." *Id.* at 376. "The complaint's jurisdictional allegations are taken as true . . . unless the [movant] offers evidence calling jurisdiction into question." *Id.* A district court's factual findings regarding ripeness are reviewed only for clear error. *Mathis v. Metro. Life Ins. Co.*, 12 F.4th 658, 664 (7th Cir. 2021) (citation omitted).

"Declaratory judgment actions are ripe and otherwise justiciable when 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Amling*, 943 F.3d at 377 (citation omitted). In an insurance dispute, if a court can

"settle [an] issue based on the parties' admissions and the text of the" policy, *T.H.E. Ins. Co. v. Olson*, 51 F.4th 264, 270 (7th Cir. 2022), such a declaratory judgment action "is clear[ly] . . . an actual controversy." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 274 (1941).

In this case, the underlying event invoking insurance coverage has already occurred, and its resolution does not depend on contingent events. To the extent that Ms. Stephens urges the Court to wait until the determination of HMS's own liability as to her, that is not an event upon which this current action depends. *Fid. & Cas. Co. of New York v. Tillman Corp.*, 112 F.3d 302, 304 (7th Cir. 1997) (holding that complete relief was possible between insurer and insured, even without the presence of the insurance broker). On the contrary, the Court has already ruled it would not consider a claim of negligent misrepresentation against her insurance broker. [*See* Filing No. 31 at 4.] Ultimately, the ripeness of the counterclaim does not depend on HMS. The Court rejects Ms. Stephens' ripeness challenge.[1]

### 2.    *Motion to Dismiss for Failure to State a Claim*

Under Rule 12(b)(6), to survive dismissal, a claim:

> must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]

On coverage, given that Ms. Stephens' alleged disciplinary events might not fall within the plain language of the Policy's coverage definition, Great American has plausibly alleged a declaratory judgment claim.

---

[1] To the extent that a certain amended disciplinary complaint must be referenced, that is a "public document[], [which is] properly subject to [the Court's] judicial notice." *Amling*, 943 F.3d at 376.

[2] Rule 12(b)(6) applies to counterclaims. *N. Tr. Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995).

On rescission, the Policy provides that "any material misrepresentation or concealment by the Named Insured or the Insured's agent will render the Policy null and void and relieve the Company from all liability herein."  [Filing No. 73-2 at 38.]  "Material misrepresentation" is defined under Indiana law:  "Under one definition, a misrepresentation or omission is 'material' if knowledge of the truth would have caused the insurer to refuse the risk or to charge a higher premium for accepting the risk."  *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 672 (Ind. 1997) (citation omitted).  Alternatively, if "rescission is attempted after a loss has been incurred," "coverage of the incurred loss would be voided if the misrepresentation affected that risk" represented by the loss.  *Id.*  Both definitions encompass a "misrepresentation . . . innocently made," and both definitions include a misrepresentation which leads to a loss for which the insured later seeks coverage.  *Id.* at 673.

The allegations against Plaintiffs squarely fit this definition meriting rescission.  Because Plaintiffs' cost and expense regarding the disciplinary proceedings allegedly "led directly to [Great American's] exposure with respect to the [proceedings], it borders on the surreal to think that the nondisclosure [would be] immaterial."  *TIG Ins. Co. v. Reliable Rsch. Co.*, 334 F.3d 630, 637 (7th Cir. 2003) (affirming district court's granting rescission of insurance contract where insured materially misrepresented whether Plaintiff was subject to an injunction exposing insurer to costs); *Foster v. Auto-Owners Ins., Co.*, 703 N.E.2d 657, 661 (Ind. 1998) (holding that where the risk was "precisely the subject of the omission on [the] application[], the omission plainly affected the risk for which [Plaintiffs] now seek[] coverage.").

Great American Assurance has plausibly alleged a declaratory judgment claim regarding rescission.  As the Court has stated, the counterclaim does not depend on HMS.  Ms. Stephens' Motion to Dismiss under 12(b)(6), [Filing No. 78], is **DENIED**.

7

       3.      *Motion to Dismiss for Failure to Join Indispensable Party*

Under Rule 12(b)(7), a claim can be dismissed for failure to join a party under Rule 19. "Rule 19(a) requires joinder when the presence of the party to be joined is essential to the litigants' complete relief, or when the party to be joined must be present to protect its own or another party's interests." *Boulevard Bank Nat. Ass'n v. Philips Med. Sys. Int'l B.V.*, 15 F.3d 1419, 1422 (7th Cir. 1994). "[T]he term 'complete relief' refers only to 'relief between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 484 (7th Cir. 2001) (citation omitted). "[T]he standard of review for factual determinations germane to Rule 19(a) is clear error." *In re Veluchamy*, 879 F.3d 808 (7th Cir. 2018)

Although a party to the disputed contract is indispensable, *U.S. ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 479 (7th Cir. 1996), a potential indemnitor is not. *Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 503 (7th Cir. 1980). That includes HMS. Such a party is neither "necessary" under Rule 19(a), nor "indispensable" under Rule 19(b). *Id.* at 503, 505 (holding that "potential indemnitors have never been considered indispensable parties, or even parties whose joinder is required if feasible."). Ultimately, "the possibility of a subsequent suit based on" such a relationship "[is] not an eventuality that Rule 19 was designed to avoid." *Id.* Even if HMS fraudulently submitted the insurance application as an agent, such fraud would make the principal responsible. *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 471 (7th Cir. 1999). So even if "[the insured] believes that [the insurer] should have named [the insurance broker] as a defendant," HMS is not indispensable. *Fidelity & Cas. Co. of New York*, 112 F.3d at 304 (holding that complete relief was possible between insurer and insured, even without the presence of the insurance broker). "[B]ecause the threshold requirements of Rule 19(a) have not been satisfied," "no inquiry under Rule 19(b) is necessary." *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990).

Ultimately, Plaintiffs rehash their denied attempt to join HMS themselves, attempting to require that HMS be joined by Great American instead. [*See* Filing No. 31.] As the Court emphasized in denying Plaintiffs' earlier attempt, "[h]ad the [P]laintiffs' lawyer[] . . . appreciated the scope of the doctrine of *respondeat superior*, [he] would not have argued, . . . that the agent[] w[as] [a] necessary or indispensable part[y.]" *Ackerman*, 172 F.3d at 471. After much belabored briefing, double docketing, and "unscrambl[ing] procedural eggs," *Scam Instrument Corp. v. Control Data Corp.*, 458 F.2d 885, 888 (7th Cir. 1972), it is time to "get on with [the] decision between the two real contestants." *Fidelity & Cas. Co. of New York*, 112 F.3d at 304. Plaintiffs' Motion to Dismiss Pursuant to Rule 12(b)(7) and Rule 19, [Filing No. 78], is **DENIED**.[3]

B.     **Motion to Strike**

Under Federal Rule of Civil Procedure 12(f)(2), a court may strike any defense that is "insufficient" or any matter that is "redundant, immaterial, impertinent, or scandalous." "The essence of a motion to strike . . . is the consideration of [a] defense on its face without further facts or elaboration." *United States v. 416.81 Acres of Land*, 514 F.2d 627, 630 (7th Cir. 1975) (Clark, J., sitting by designation). A "defense[] will be stricken only when [it is] insufficient on the face of the pleadings" "as a matter of law or [it fails to] present questions of law or fact." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citing *416.81 Acres of Land*, 514 F.2d at 631). A counterclaim may be stricken if it is "devoid of factual basis." *See Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1142 (7th Cir. 2009) (citation

---

[3] Although Plaintiffs argue that more discovery is needed, the Court disagrees: "While a court may decide to proceed to discovery before considering a motion to dismiss under Rule 19, there is no requirement that it do so." *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1449 (7th Cir. 1990) (affirming Rule 19 determination without discovery where "briefs were submitted by both sides pertaining to the motion to dismiss" such that the decision "was therefore not premature").

omitted). Because of the potential for delay, motions to strike are disfavored. *Heller*, 883 F.2d at 1294. A denial of a motion to strike is reviewed "for an abuse of discretion and will [be] disturb[ed] . . . only if it is unreasonable and arbitrary." *Royce v. Michael R. Needle P.C.*, 950 F.3d 939 (7th Cir. 2020).

To the extent Plaintiffs attack rescission as a defense, as the Court has stated, even without further facts or elaboration, Great American has plausibly alleged rescission. To the extent Plaintiffs attack the declaratory-judgment count as a counterclaim, as the Court has stated, Great American has plausibly alleged non-coverage. Great American's allegations are far from "redundant, immaterial, impertinent, or scandalous." *416.81 Acres of Land*, 514 F.2d at 630. Plaintiffs' Motion to Strike, [Filing No. 78], is **DENIED**.

## C. Cross-Motions for Summary Judgment and Further Proceedings

"[T]here are cases in which the parties are in agreement (or it is otherwise clear) as to what the relevant facts are, and the only dispute is over how those facts are to be characterized." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 603 (7th Cir. 2015). This appears to be such a case. Because of the timing of the filing of Great American's Counterclaim, the Cross-Motions for Summary Judgment understandably do not focus on the dispute about an alleged misrepresentation and its effect on potentially voiding the insurance contract. [*See, e.g.*, Filing No. 53 (describing status conference contemplating filing a counterclaim about misrepresentation).] In that regard, "Rule 56(f) thus allows a court to grant summary judgment on grounds not raised by a party," as long as the parties are provided notice and a reasonable time to respond to the fact that "the court is considering dropping the ax." *Goldstein v. Fid. & Guar. Ins. Underwriters, Inc.*, 86 F.3d 749, 750 (7th Cir. 1996) (affirming district court's *sua sponte* entry of summary judgment where "no genuine dispute of material fact existed, and disposition of the case hinged on the judge's interpretation of the insurance policy").

This is the parties' notice: Great American is ordered to supplement its Motion for Summary Judgment by **March 28, 2024**, if it seeks to pursue summary judgment on the issue of misrepresentation in Plaintiffs' insurance application. Plaintiffs may file a response by **April 10, 2024**, and Great American may file a reply by **April 17, 2024**. Great American's opening brief may be no longer than 15 pages; Plaintiffs' response brief may be no longer than 15 pages; and Great American's reply may be no longer than 7 pages. The supplemental motion and ensuing briefing may discuss only the misrepresentation issue; no supplementation of earlier arguments in the pending Cross-Motions for Summary Judgment is permitted.

The parties are admonished that once there is "sufficient notice that summary judgment [is] afoot . . . a squandered opportunity is not grounds for reversal." *Osler Inst., Inc. v. Forde*, 333 F.3d 832, 837 (7th Cir. 2003) (affirming district court's *sua sponte* entry of summary judgment against plaintiff); *see also Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1034-35 (7th Cir. 2019) (citing approvingly district court summary judgment decisions under Rule 56(f) which gave between 7 and 24 days to "show cause why the court should not grant summary judgment").

## III.
### CONCLUSION

The Court, having considered the above action and the matters that are pending, makes the following rulings:

- Plaintiffs' Motion to Strike Great American Assurance Company's Counter-Complaint for Declaratory Judgment – Doc 73; Alternative Plaintiffs Motion to Dismiss, [78], is **DENIED**;

- The parties' Cross-Motions for Summary Judgment, [53; 64], **REMAIN UNDER ADVISEMENT**, pending the Court's consideration of the issue of Plaintiffs' alleged misrepresentation in the insurance application; and

- Great American is ordered to supplement its Motion for Summary Judgment by **March 28, 2024,** if it seeks to pursue summary judgment on the issue of misrepresentation in Plaintiffs' insurance application. Plaintiffs may file a response by **April 10, 2024**, and Great American may file a reply by **April 17,**

This is the parties' notice: Great American is ordered to supplement its Motion for Summary Judgment by **March 28, 2024**, if it seeks to pursue summary judgment on the issue of misrepresentation in Plaintiffs' insurance application. Plaintiffs may file a response by **April 10, 2024**, and Great American may file a reply by **April 17, 2024**. Great American's opening brief may be no longer than 15 pages; Plaintiffs' response brief may be no longer than 15 pages; and Great American's reply may be no longer than 7 pages. The supplemental motion and ensuing briefing may discuss only the misrepresentation issue; no supplementation of earlier arguments in the pending Cross-Motions for Summary Judgment is permitted.

The parties are admonished that once there is "sufficient notice that summary judgment [is] afoot . . . a squandered opportunity is not grounds for reversal." *Osler Inst., Inc. v. Forde*, 333 F.3d 832, 837 (7th Cir. 2003) (affirming district court's *sua sponte* entry of summary judgment against plaintiff); *see also Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1034-35 (7th Cir. 2019) (citing approvingly district court summary judgment decisions under Rule 56(f) which gave between 7 and 24 days to "show cause why the court should not grant summary judgment").

## III.
### CONCLUSION

The Court, having considered the above action and the matters that are pending, makes the following rulings:

- Plaintiffs' Motion to Strike Great American Assurance Company's Counter-Complaint for Declaratory Judgment – Doc 73; Alternative Plaintiffs Motion to Dismiss, [78], is **DENIED**;

- The parties' Cross-Motions for Summary Judgment, [53; 64], **REMAIN UNDER ADVISEMENT**, pending the Court's consideration of the issue of Plaintiffs' alleged misrepresentation in the insurance application; and

- Great American is ordered to supplement its Motion for Summary Judgment by **March 28, 2024,** if it seeks to pursue summary judgment on the issue of misrepresentation in Plaintiffs' insurance application. Plaintiffs may file a response by **April 10, 2024**, and Great American may file a reply by **April 17,**

**2024**. Great American's opening brief may be no longer than 15 pages; Plaintiffs' response brief may be no longer than 15 pages; and Great American's reply may be no longer than 7 pages. The supplemental motion and ensuing briefing may discuss only the misrepresentation issue; no supplementation of earlier arguments in the pending Cross-Motions for Summary Judgment is permitted.

Date: 3/14/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Kimberly E. Blair
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
kimberly.blair@wilsonelser.com

Michael A. Kreppein
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
michael.kreppein@wilsonelser.com

Rafael Ramirez
RAMIREZ LAW OFFICE, P.C.
rafael@ramirez-law.com

Joseph J. Stafford
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
joseph.stafford@wilsonelser.com